REQUESTED BY: Lawrence R. Myers, Executive Director, Nebraska Equal Opportunity Commission.
Does the Nebraska Fair Employment Practice Act prohibiting discrimination against a person because of disability require reasonable accommodation by the employer to the disabled person's handicap as is required by 42 C.F.R. 84.12 of the Federal Regulations?
No.
Title 29 U.S.C. § 794 reads in pertinent part as follows:
 "No otherwise qualified handicapped individual in the United States, . . . shall, solely by reason of his handicap, be excluded from the participation in, or be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency. . . The head of each such agency shall promulgate such regulations as may be necessary to carry out the amendments to this section. . ."
Federal regulations appearing at 45 C.F.R. 84.12 read in pertinent part as follows:
 "(a) A recipient shall make reasonable accommodation to the known physical or mental limitations of an otherwise qualified handicapped applicant or employee unless the recipient can demonstrate that the accommodation would impose an undue hardship on the operation of its program.
"(b) Reasonable accommodation may include:
 "(1) Making facilities used by employees readily accessible to and useable by handicapped persons, and
 "(2) Job restructuring, part time or modified work schedules, acquisition or modification of equipment or devices, the provision of readers or interpreters, and other similar actions.
". . . .
 "(d) A recipient may not deny any employment opportunity to a qualified handicapped employee or applicant if the basis for the denial is the need to make reasonable accommodation to the physical or mental limitations of the employee or applicant."
The Nebraska Fair Employment Practice Act reads in pertinent part as follows:
 "It shall be an unlawful employment practice for an employer:
 "(1) To fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's . . . disability. . .
 "(2) To limit, advertise, solicit, segregate, or classify employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect such individual's status as an employee, because of such individual's . . . disability. . . ."
The Nebraska Fair Employment Practice Act contains no authorization or guidelines for the adoption of regulations by the Commission to implement this portion of the Act.
Inclusions of the disabled persons in the Fair Employment Practice Act was made by the Nebraska Legislature by the adoption of LB 266 in 1973. The Legislative history of this Act contains no reference to requiring an employer to make a reasonable accommodation or changes in his job opening in order to accommodate the abilities of an applicant. Typical of the statements made by those testifying in support of this bill is that of Dick Parker, president of the National Federation of the Blind of Nebraska who testified in support of the bill before the Labor Committee of the Legislature on February 14, 1973, and said:
 "What we're looking for in this bill, and what I urge you to think carefully on, and I hope you will pass it, is not favoritism, not special treatment. . . [W]hat we're asking for again I say is not favoritism, but simply to have the same protection under the law as everybody else in the state does, and we're asking for the God given right to go out and work if we are completely qualified to. . . ."
Margery Moore, vice president of the League of Human Dignity, stated:
 "However, we do not ask that they employ the person just because he is handicapped; that is ridiculous, but we wanted to be allowed to be tested."
Also typical is Theodore Johnson, director of the Comprehensive Health Association of Omaha, testifying on behalf of the Nebraska Epilepsy League who stated:
 "We are asking only that an individual be interviewed and considered for a job on the basis of his ability to perform that task, and not be colored with the fact that there is a disability."
Reed Devoe, director of the Nebraska Equal Opportunity Commission testified:
 "As has been said, this is not made to, for example to say you have to hire a blind man to drive a truck, it isn't this at all, that is why in the section if they have something that precludes them from doing the job, certainly they shouldn't be hired."
Further, unlike administrative agencies of the federal government, administrative agencies of the State of Nebraska do not have the power to make rules and regulations within the legislative authority. Gillette Dairy, Inc. v.Nebraska Dairy Products Board, 192 Neb. 89, 219 N.W.2d 214
(1974).
It is our conclusion that no support can be found in the language of the Act, in the legislative history, nor in the power granted by the Legislature to the Nebraska Equal Opportunity Commission to require reasonable accommodation by an employer to an applicant's disabilities.